IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.                                    Case    3:05cr4/LAC
                                               3:06cv563/LAC/MD
**GREGORY MICHAEL RICE**
_____

### REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 31), and the government's response thereto. (Doc. 33). Because the government concedes that the defendant is entitled to relief, the defendant has not been directed to file a reply. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be granted to the extent defendant should be allowed to pursue a belated appeal.

### I. BACKGROUND

Defendant Gregory Michael Rice pleaded guilty to a charge of possession of a firearm by a convicted felon in violation of Title 18 U.S.C. § 922(g)(1). He was sentenced to a term of 71 months imprisonment, followed by three years of supervised release. Defendant did not file a notice of appeal, but filed the instant

motion on December 20, 2006 pursuant to the prison mailbox rule.[1]  Defendant claims that his conviction was obtained by a plea of guilty that was unlawfully induced through misinformation provided by his counsel, that the conviction was obtained by use of a coerced confession due to the untruths provided by counsel, that the prosecution did not disclose evidence favorable to the defense, and that counsel was constitutionally ineffective because, among other things, he failed to file an appeal.  The government concedes that defendant is entitled to relief on his claim that counsel failed to file an appeal.  Therefore, the other claims do not warrant further discussion at this time.

## II.  LEGAL ANALYSIS

If a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable.  *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)).  Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal.  *Id.*; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).  In this case, the government concedes, and the letter from defense counsel shows, that although defendant requested that counsel file an appeal, this was not done.  Therefore, he is entitled to a belated appeal.

The Eleventh Circuit has stated that the proper procedure when an out of time appeal is warranted is:  (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be

---

[1]*Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(I).  *United States v. Phillips,* 225 F.3d 1198, 1201 (11th Cir. 2000); *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005).

Defendant's remaining claims should be dismissed without prejudice to their reassertion, if appropriate, upon conclusion of his direct appeal.  See *McIver v. United States*, 307 F.3d 1327, 1331, n2 (11th Cir. 2002).  An order granting a § 2255 petition, and reimposing sentence, will reset to zero the counter of collateral attacks pursued and will not render subsequent collateral proceedings "second or successive."  *McIver*, 307 F.3d at 1332 (quoting *Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998)).

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 31) be GRANTED, with respect to defendant's claim that counsel was constitutionally ineffective for his failure to file an appeal, and that the defendant's other claims be DISMISSED without prejudice.

That the criminal judgment in defendant's case be vacated and the same sentence reimposed, that the defendant be advised of his appellate rights and that the court consider the appointment of counsel to represent defendant in his appeal.

At Pensacola, Florida, this 7th day of March, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 5:01cr01/SPM; 5:02cv71/SPM/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**